## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DONTAVIOUS SHERRODE SMITH,

        Plaintiff,

v.                                    Case No:  6:12-cv-439-Orl-36KRS

STATE OF FLORIDA, MIKE
HARIDOPOLIS, DEAN CANNON,
GERARD ROBINSON, ANDY
MOMPELLER, CHUCK NELSON, NEIL
J. DASH, JIM SKINNER, FLORIDA
BOARD OF EDUCATION, FLORIDA
DEPARTMENT OF EDUCATION,
FLORIDA LOTTERY, LABORATORY
CORPORATION OF AMERICA and
MCDONALDS 365 BLACK,

        Defendants.
_____/

## ORDER

This cause comes before the Court upon the Report and Recommendation submitted by

United States Magistrate Judge Karla R. Spaulding on June 13, 2012 (Doc. 43).  In the Report

and Recommendation, Judge Spaulding recommends that the Court: (1) grant Defendant

Laboratory Corporation of America's ("Defendant LabCorp") Motion to Dismiss (Doc. 6); (2)

grant Defendant Chuck Nelson in his official capacity as Chairman of the Brevard County Board

of Commissioners' ("Defendant Nelson") Motion to Dismiss (Doc. 8); (3) deny all remaining

motions; (4) dismiss the case with prejudice; and (5) enjoin Plaintiff Dontavious Sherrode Smith

("Plaintiff") from filing any future lawsuit asserting a violation of his federal constitutional rights

arising from the facts underlying his lawsuits between 2009 and present, described herein,

without leave of court.  *See* Doc. 43, pp. 7-8.  On June 27, Defendant LabCorp filed an Objection

to Judge Spaulding's Report and Recommendation (Doc. 46).   On June 28, Plaintiff filed an

Objection to the Report and Recommendation (Doc. 47).  As such, this matter is ripe for review.

## BACKGROUND

Plaintiff, proceeding *pro se*, has brought three actions before this Court arising from

allegations that the Brevard County School Board ("School Board") wrongfully refused to hire

him as a substitute teacher as a result of his initial drug testing, which allegedly tested positive

for marijuana metabolites.  Doc. 43, p. 3.  In Plaintiff's first action, Case No. 6:09-cv-2033-Orl-

31KRS (the "2009 Case"), named Defendants included the School Board, Richard DiPatri and

Leroy Berry, the Superintendent and Deputy Superintendent, respectively, of Brevard County

Schools.  *See* Case No. 6:09-cv-2033-Orl-31KRS, Doc. 1.  Plaintiff's Third Amended Complaint

in the 2009 Case appeared to allege negligent hiring, unjust enrichment, fraud in the inducement,

violation of due process and equal protection, civil conspiracy, conversion, and misuse of public

position in violation of a code of ethics for public officers and employees.  *See* 2009 Case, Docs.

50, 54.  The Court found that the Third Amended Complaint was "utter nonsense", dismissing

the case with prejudice.  2009 Case, Doc. 56, p. 4.  This Court and the Eleventh Circuit Court of

Appeals denied Plaintiff's motions for leave to appeal *in forma pauperis*, finding his appeal to be

frivolous.  *Id.*, Doc. 76, 77.  The Court admonished Plaintiff to "cease his vexatious conduct" and

warned that "If he continues to burden the Court with frivolous motions, sanctions will be

imposed." *Id.*, Doc. 83.

On May 2, 2011, Plaintiff filed another complaint against the School Board and Deputy

Superintendent Leroy Berry, alleging gross negligence based upon the same facts underlying the

2009 Case.  *See* Case No. 6:11-cv-731-Orl-31KRS (the "2011 Case"), Doc. 1.   The Court

dismissed this case with prejudice, finding that it was foreclosed by the dismissal of the 2009 Case.  2011 Case, Doc. 10, p. 2

On January 17, 2012, Plaintiff filed a complaint in state court against the State of Florida, the President of the Senate for the State of Florida, the Speaker of the House of Representatives for the State of Florida, the Florida Commissioner of Education, the Inspector General for the Florida Lottery, Defendant Nelson, Defendant LabCorp, McDonalds 365 Black and the Chief Executive Officer of McDonald's Corporation.  *See* Case No. 6:12-cv-439-Orl-439-36KRS, Doc. 2 (the "2012 Case").  Plaintiff alleged Gross Negligence, Breach of Fiduciary Duty, and violation of 42 U.S.C. § 1983 arising from alleged participation of the Defendants "in a nefarious 'marijuana' scheme based on a falsified drug test".  2012 Case, Doc. 2, p. 21-22.  The 2012 Case was removed to this Court.  *Id.*, Doc. 1.  The facts underlying Plaintiff's Complaint in the 2012 Case are the same as those underlying the 2009 Case and the 2011 Case.  In the 2012 Case, Plaintiff does not allege any specific federal constitutional right that any of the Defendants allegedly violated or other support for his section 1983 claim.  On March 28, 2012, Defendant Nelson filed a Motion to Dismiss (Doc. 8), and Defendant LabCorp filed a Motion to Dismiss (Doc. 6).  To date, Plaintiff has not responded to these pending motions to dismiss.

Plaintiff now seeks leave to amend his Complaint to add several new defendants, including the National Basketball Association, Bill and Melinda Gates Foundation, and others, and to remove several cases Plaintiff has filed in state court to this Court.  *See* Doc. No. 9, p. 6

On May 22, 2012, Judge Spaulding entered an Order to Show Cause as to why the 2012 Case should not be dismissed as frivolous and vexatious.  Doc. 36, p. 3.  On June 12, 2012, pursuant to *Jefferson Fourteenth Associates v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524 (11th

Cir. 1983), the Court held a hearing at which Plaintiff and counsel for Defendants who have been served in the case appeared and presented argument. *See* Hearing Minutes Entry, Doc. 42.

Judge Spaulding issued a Report and Recommendation on June 13, 2012 (Doc. 43), recommending that the Court grant Defendant LabCorp's Motion to Dismiss (Doc. 6) and Defendant Nelson's Motion to Dismiss (Doc. 8), deny all remaining motions, dismiss the case with prejudice, and enjoin Plaintiff from filing any future lawsuit asserting a violation of his federal constitutional rights arising from the facts underlying his 2009 Case, 2011 Case, and 2012 Case. Doc. 43, pp. 7-8. On June 27, Defendant LabCorp filed an Objection to Judge Spaulding's Report and Recommendation, only insofar as it provided an alternative to complete dismissal with prejudice of Plaintiff's claims, that the Court may dismiss only the federal claims and remand the remaining claims for further proceedings in Florida state court. Doc. 46, pp. 1-2. On June 28, Plaintiff filed an Objection to the Report and Recommendation (Doc. 47).

## STANDARD

When a party makes a timely and specific objection to a finding of fact in a report and recommendation, the district court should make a *de novo* review of the record with respect to the factual issues. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507 (11th Cir. 1990). Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations." Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge. Rule 72(b)(3), Fed.

R. Civ. P.  The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*

## ANALYSIS

The Court is in agreement with the Magistrate Judge's finding that despite ample opportunity to do so, Plaintiff has failed to state a cause of action upon which relief can be granted.  Doc. 43, p. 5.  Because Plaintiff presented no allegations in his pleadings or during his hearing about any role of the Brevard County Board of Commissioners in the events leading to his failure to be hired as a substitute teacher, he has failed to state a claim against Defendant Nelson.  *Id.*  Plaintiff has also failed to identify or plead a federal constitutional right that Defendant LabCorp allegedly violated.  *Id.*; *see* Doc. 6.  The Court further agrees with Magistrate Judge Spaulding that Plaintiff was given numerous opportunities to amend his complaint in the 2009 Case to state a claim upon which relief could be granted, but failed to do so, and subsequently failed to allege or articulate in the recent hearing, any basis for a federal cause of action.[1]  *Id.*, p.6.  Because Plaintiff has been previously warned that his conduct was frivolous and vexatious, the Court need not continue to give Plaintiff opportunities to amend his complaint.  *See Shell v. U.S. Dept. of Housing and Urban Dep.*, 355 F. App'x 300, 308 (11th Cir. 2009) (district court did not abuse discretion in imposing a sanction when plaintiff filed many cases against defendant, all of which were dismissed, and several on *res judicata* grounds); *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) ("The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others.").

---

[1] The Court is mindful that a *pro* se plaintiff's complaint must be construed liberally.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

Plaintiff's Objection to the Report and Recommendation does not address the merits of the legal issues.  It simply concludes that Magistrate Judge Spaulding erred, reiterates the legal requirements for obtaining injunctive relief, and includes several pages of incomprehensible standards of law.  *See* Doc. 47.  Moreover, Plaintiff continues to seek relief such as an order permitting him to permanently smoke marijuana.  *Id.*, p. 17.

Defendant LabCorp objects to the Report and Recommendation only insofar as it provides an alternative to dismissing all of Plaintiffs' claims with prejudice, that is, to dismiss the federal claims and remand the remaining claims for proceedings in Florida state court.  Doc. 46, pp. 2-4.  This Court, in accordance with the discretion it is afforded pursuant to 28 U.S.C. § 1367(a), will maintain supplemental jurisdiction over Plaintiff's state law claims, and will dismiss all of the claims before it with prejudice.  *See Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1568 (11th Cir. 1994); *Parker v. Scrap Metal Processors*, 468 F.3d 733, 746-48 (11th Cir. 2006). Further, the Court will enjoin Plaintiff from filing any future lawsuit asserting a violation of his federal constitutional rights arising from the facts underlying the 2009, 2011 and 2012 cases without leave of court.

Therefore, upon careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court concludes that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 43) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

6

2. Defendant Laboratory Corporation of America's Motion to Dismiss (Doc. 6) is **GRANTED**.  Defendant Chuck Nelson in His Official Capacity as Chairman of the Brevard County Board of County Commissioners' Motion to Dismiss Complaint (Doc 8) is **GRANTED**.

3. This action is **DISMISSED with prejudice,** as it is frivolous and vexatious.

4. Based on the vexatious litigation initiated by Plaintiff, Plaintiff Dontavious Sherrode Smith is hereby **enjoined** from filing in the U.S. District Court for the Middle District of Florida any future lawsuit asserting a violation of his federal constitutional rights arising from the facts underlying Case No. 6:09-cv-2033-Orl-31KRS, Case No. 6:11-cv-731-Orl-31KRS; and Case No. 6:12-cv-439-Orl-36KRS, that is the events leading up to Plaintiff's failure to be hired as a substitute teacher for Brevard County Schools, without first obtaining leave of court.

5. The Clerk is directed not to accept for filing any future pleading submitted by Plaintiff in this case, except for a single notice of appeal from this Order and submissions related to an appeal of this Order.

6. The Clerk is directed to terminate all deadlines, all pending motions as moot and close this case.

**DONE** and **ORDERED** in Orlando, Florida on August 7, 2012.

Charlene Edwards Honeywell
United States District Judge

7

**Copies furnished to:**
Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge Karla R. Spaulding